# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RODNEY SMITH, Individually and as :
Administrator of The ESTATE OF :
WILHELMINA SMITH and :
LAUREN HUNTER, MICHAEL :     C.A. No: K21C-06-010 JJC
BROWN, AND AUTUMN J. SMITH :
    :
    Plaintiffs,     :
    :
    :
    v.     :
    :
BAYHEALTH MEDICAL CENTER :
INC., d/b/a KENT GENERAL :
HOSPITAL, and SHARIF GOBRAN, :
M.D.,     :
    :
    Defendants.     :

Submitted: July 15, 2021
Decided:  July 23, 2021

## ORDER

### *Upon Review of the Affidavit of Merit -*
### COMPLIANT

This matter involves a healthcare negligence suit filed as a survivorship and wrongful death action by the Plaintiffs against Defendants Bayhealth Medical Center, Inc. ("Bayhealth"), and Sharif Gobran, M.D.  In their complaint, the plaintiffs allege that a lack of informed consent and negligent medical care proximately caused Wilhelmina Smith's disability and death.  Likewise, those breaches allegedly caused harm to her wrongful death beneficiaries.

Presently, Bayhealth and Dr. Gobran file a motion requesting an *in camera* review of the plaintiffs' affidavit of merit for compliance with 18 *Del. C.* § 6853(a)(1) and (c). In support of their request, they emphasize the statute's requirements for a sufficient affidavit of merit.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must also state that reasonable grounds exist to believe that each defendant was negligent in a way that proximately caused the plaintiffs' injuries.[3] The affidavit of merit must be filed under seal, but a defendant may request the Court to perform an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[4]

Regarding the Court's scope of review, the Delaware Supreme Court has observed that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[5] As a result, the requirements for the affidavit of merit are "purposefully minimal."[6] An affidavit of merit that tracks the statutory language complies with the statute.[7]

Here, after an *in camera* review of the affidavit of merit and the expert's

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Id.* at § 6853(c).

[3] *Id.*

[4] 18 *Del. C.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Id.*

[7] *See Dishmon*, 32 A.3d at 342.

*curriculum vitae*, the Court finds, as to both Defendants Bayhealth and Dr. Gobran, the following:

1. The expert signed the affidavit;

2. The expert attached his current *curriculum vitae*;

3. The expert is currently licensed to practice medicine in other states.

4. According to the expert's affidavit, he has treated patients in the same or similar field as both defendants over the three years immediately preceding the allegedly negligent conduct. Namely, his affidavit and *curriculum vitae* reference his experience and board certification in anesthesiology and echocardiography; and

5. His affidavit recites that reasonable grounds exist to believe that Bayhealth and Dr. Gobran breached the applicable standard of care when treating Ms. Smith, and that breaches by each defendant proximately caused the injuries that plaintiffs allege in their complaint.

Accordingly, the Estate's affidavit of merit complies with 18 *Del. C.* § 6853(a)(1) and (c), as to both defendants.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & Serve Express*

3